IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| BRENT DAVID HOFFMAN,<br><br>　　　Plaintiff,<br><br>vs.<br><br>VERIZON WIRELESS, BRADLEY SUMMERS, JESSICA BARRON, ANTHONY BOWMAN, AL RINGGOLD, ED FLOWER, BRIAN CERVINSKI, JULIE EVES, JEANEEN DAVIS AND RYAN WARNER,<br><br>　　　Defendants. | MEMORANDUM DECISION AND ORDER ON PENDING MOTIONS<br><br><br>Case No. 2:10-CV-1170 TS |

　　　The matter is before the Court on a number of Motions filed by pro se Plaintiff Brent David Hoffman. Plaintiff first filed a Motion for a Hearing Regarding Discovery, wherein he requests a hearing to determine the discovery parameters in this case.[1] As the scheduling order sets out the various discovery deadlines in this case, the Court will deny Plaintiff's Motion. If Plaintiff wishes to file a Motion relating to a particular discovery issue, he is free to do so.

---

[1] Docket No. 10, at 1.

Plaintiff filed his first Motion to Amend/Correct Complaint on May 23, 2011. In his Motion, Plaintiff discussed potential amendments to his Complaint.[2] However, he did not include a proposed amended complaint with his Motion. The Court deferred ruling on Plaintiff's Motion and ordered Plaintiff to file a proposed amended complaint, incorporating all changes he wished to make to his original Complaint.[3]

Plaintiff then filed a Motion to Amend Named Parties on June 29, 2011. In this Motion, Plaintiff states that Ryan Warner was incorrectly named as a Defendant in his original Complaint, and that Michael Warner should have been named instead.[4] This Motion also failed to include a proposed amended complaint.

On July 26, 2011, Plaintiff filed his third Motion to Amend/Correct Complaint, this time including his Proposed Amended Complaint. In his Motion, Plaintiff states that he requests leave to amend his Complaint

> based on the fact that the investigation being conducted by the Equal Employment Opportunity Commission (EEOC) into allegations of discrimination covered under the Genetic [I]nformation Nondiscrimination Act had not been completed, and that the letter of right to sue had not been issued to the Plaintiff by the date the original Complaint was filed.[5]

---

[2]Docket No. 15.

[3]Docket No. 26.

[4]Docket No. 27.

[5]Docket No. 29, at 2.

Plaintiff further stated that this right to sue letter issued by the EEOC was "already filed with the court on February 23rd, 2011."[6]

While there is no filing on February 23, 2011, it appears that Plaintiff is referring to the Notice of Right to Sue dated February 23, 2011, and filed with the Court with Plaintiff's first Motion to Amend Complaint on May 23, 2011—within the 90 day deadline set forth in the letter. It appears to the Court that Plaintiff wishes to ensure that all of the issues contained in his allegations are properly before the Court at this time. Defendant agrees that all charges are before the Court, suggesting that the Court "take judicial notice that all matters contained in Hoffman's charges of discrimination are properly before this Court and may be resolved in this action."[7] The Court therefore finds that the issues in Plaintiff's Notice of Right to Sue letters dated August 31, 2010, and February 23, 2011, are properly before the Court in this action.

With respect to Plaintiff's proposed Amended Complaint, the Court notes few differences from Plaintiff's original Complaint. The primary differences are that (1) all references to "Ryan Warner" have been changed to "Michael Warner" and (2) additional allegations have been added relating to conduct by Mr. Warner.

Fed. R. Civ. P. 15 allows for a plaintiff to amend his complaint with the Court's leave.[8] "[A] district court may deny leave to amend pleadings due to . . . 'futility of the amendment.'"[9]

---

[6]*Id.*

[7]Docket No. 22, at 2-3.

[8]Fed. R. Civ. P. 15(a)(2).

[9]*United States v. Pinson*, 584 F.3d 972, 977 (10th Cir. 2009) (quoting *Stafford v. Saffle*, 34 F.3d 1557, 1560 (10th Cir.1994)).

While the removal of Ryan Warner as a Defendant is appropriate, as both parties agree that he is the incorrect party, adding Michael Warner as a Defendant would be futile.  Plaintiff alleges violation of the Americans with Disabilities Act ("ADA"); however, "the ADA precludes personal capacity suits against individuals who do not otherwise qualify as employers."[10]  As Warner is not a proper defendant under the ADA and Plaintiff has not pled any other claims against Warner with specificity, adding him as a Defendant would be futile.  However, the added paragraphs detailing Warner's alleged conduct may be relevant to Plaintiff's claims against Verizon Wireless and will therefore be allowed.  Therefore, Plaintiff will be allowed to file his proposed Amended Complaint once he has deleted Michael Warner as the tenth Defendant.

Finally, Plaintiff has filed a Motion for Financial Relief/Waiver of Service.  In his Motion, Plaintiff requests "waiver of service of costs associated with obtaining the services of a court reporter for the purpose of taking depositions in the above case."[11]  There is no legal basis on which the Court can provide such relief; therefore, this Motion will be denied.

Based on the foregoing, it is hereby

ORDERED that Plaintiff's Motion for Hearing Regarding Discovery (Docket No. 10) is DENIED.  It is further

ORDERED that Plaintiff's Motions to Amend/Correct Complaint (Docket Nos. 15, 27, and 29) are GRANTED IN PART AND DENIED IN PART.  Plaintiff may file an Amended

---

[10]*Butler v. City of Prairie Vill., Kan.*, 172 F.3d 736, 744 (10th Cir. 1999).

[11]Docket No. 32, at 1.

Complaint that does not list Ryan or Michael Warner as the tenth defendant, but is otherwise consistent with his Proposed Amended Complaint. It is further

ORDERED that Plaintiff's Motion for Financial Relief/Waiver of Service (Docket No. 32) is DENIED.

DATED   March 2, 2012.

BY THE COURT:

_____
TED STEWART
United States District Judge