IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| BRENT DAVID HOFFMAN<br><br>          Plaintiff,<br><br><br><br>                    vs.<br><br><br>VERIZON WIRELESS, BRADLEY<br>SUMMERS, JESSICA BARRON,<br>ANTHONY BOWMAN, AL RINGGOLD,<br>ED FLOWER, BRIAN CERVINSKI, JULIE<br>EVES, JEANEEN DAVIS AND RYAN<br>WARNER,<br><br>          Defendants. | MEMORANDUM DECISION AND<br>ORDER ON PENDING MOTIONS<br><br><br><br><br>Case No. 2:10-CV-1170 TS |

This matter is before the Court on Defendants' Motion for Summary Judgment,[1]

Plaintiff's Motion for Summary Judgment,[2] Defendants' Motion for Leave to File Response,[3]

and the parties' Joint Stipulation and Motion to Amend Scheduling Order.[4]  For the reasons set

forth more fully below, the Court will grant Defendants' Motions and deny Plaintiff's Motion.

As a result, the Joint Stipulation and Motion to Amend is moot.

---

[1] Docket No. 35.

[2] Docket No. 44.

[3] Docket No. 41.

[4] Docket No. 47.

## I. BACKGROUND

Plaintiff alleges that Defendants engaged in employment discrimination, violating the Americans with Disabilities Act and Title VII of the Civil Rights Act of 1964.  Specifically, Plaintiff alleges that Defendants' discriminated against him due to his disability, retaliated against him, and slandered him.

Plaintiff also argues that his claims are not brought solely under the Americans with Disabilities Act, but that he is bringing separate causes of action for "discrimination, retaliation, harassment, intimidation, constructive discharge, disparate treatment, and [violations of] the EEOC."[5]  It is unclear under which statutes or common-law causes of action such claims would arise.

## II. DEFENDANTS' MOTION FOR LEAVE TO FILE RESPONSE

Plaintiff filed an (unauthorized) surreply memorandum in opposition to Defendants' Motion for Summary Judgment.  Defendants' have filed a Motion for Leave to File Response to Plaintiff's surreply.  As Plaintiff is proceeding pro se, the Court finds that his surreply memorandum is helpful in a determination of the proceedings and will consider it.  However, as Plaintiff's surreply raises a number of new issues, the Court grants Defendants leave to respond to Plaintiff's surreply and has considered it as well.

## III. CROSS-MOTIONS FOR SUMMARY JUDGMENT

Plaintiff and Defendants have filed cross-motions for summary judgment on all of Plaintiff's claims.

---

[5] Docket No. 40, at 6.

A.      STANDARD OF REVIEW

Summary judgment is proper if the moving party can demonstrate that there is no genuine issue of material fact and it is entitled to judgment as a matter of law.[6]  The party seeking summary judgment bears the initial burden of demonstrating an absence of a genuine issue of material fact.[7]  "Once the moving party has properly supported its motion for summary judgment, the burden shifts to the nonmoving party to go beyond the pleadings and set forth specific facts showing that there is a genuine issue for trial."[8]  An issue is a "genuine issue for trial" "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[9]

The Court must construe a pro se party's complaint liberally.[10]  However, "[t]his liberal treatment is not without limits, and this court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants."[11]  "As a result, a pro se plaintiff must strictly comply with the requirements of Rule 56 in order to properly contest a motion for summary judgment."[12]  Rule 56 states that "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in

---

[6]*See* Fed. R. Civ. P. 56(a).

[7]*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[8]*Sally Beauty Co., Inc., v. Beautyco, Inc.*, 304 F.3d 964, 971 (10th Cir. 2002).

[9]*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[10] *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (quotation omitted).

[11] *Id.* (quotation omitted).

[12] *Franke v. ARUP Labs., Inc.*, 390 F. App'x 822, 826 (10th Cir. 2010).

evidence, and show that the affiant or declarant is competent to testify on the matters stated."[13]

"Unsubstantiated allegations carry no probative weight in summary judgment proceedings."[14]

B.    ANALYSIS

1.    TITLE VII OF THE CIVIL RIGHTS ACT

Plaintiff states in his complaint that "[t]his action is brought pursuant to Title VII of the

Civil Rights Act of 1964 as amended, for employment discrimination."[15]  The statute states:

It shall be an unlawful employment practice for an employer—

(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or

(2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.[16]

Plaintiff has not alleged or presented any evidence supporting a claim for discrimination due to

his race, color, religion, sex, or national origin.  Therefore, the Court will grant Defendants'

Motion for Summary Judgment and deny Plaintiff's Motion for Summary Judgment on this

issue.

2.    AMERICANS WITH DISABILITIES ACT

 [T]o establish a prima facie case of disability discrimination under the ADA, a plaintiff must demonstrate that he "(1) is a disabled person as defined by the ADA; (2) is qualified, with or without reasonable accommodation, to perform the essential functions of the job held or desired; and (3) suffered discrimination by

---

[13] Fed. R. Civ. P. 56(c)(4).

[14] *Cypert v. Indep. Sch. Dist. No. I-050 of Osage Cnty.*, 661 F.3d 477, 481 (10th Cir. 2011) (quotation omitted).

[15] Docket No. 3, at 1.

[16] 42 U.S.C. § 2000e-2(a).

an employer or prospective employer because of that disability."  In order to demonstrate "discrimination," a plaintiff generally must show that he has suffered an "adverse employment action because of the disability."[17]

If a plaintiff does not offer direct evidence of discrimination, the Court is to apply the burden shifting analysis set forth by the U.S. Supreme Court in *McDonnell Douglas Corp. v. Green*.[18]  "Under this framework, a plaintiff must first make out a prima facie case of discrimination," as set forth above. [19]  "After the plaintiff has made the requisite showing, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for its actions. If the defendant proffers such a reason, the burden then shifts back to the plaintiff to show that the defendant's stated reasons are merely 'pretextual.'"[20]  "[A] plaintiff can establish pretext by showing the defendant's proffered non-discriminatory explanations for its actions are 'so incoherent, weak, inconsistent, or contradictory that a rational factfinder could conclude [they are] unworthy of belief.'"[21]

Plaintiff argues that Defendants discriminated against him due to his disability by: 1) terminating his employment; 2) failing to accommodate his reasonable disability requests; 3) failing to promote Plaintiff when he was the most qualified candidate 4) creating a hostile work environment; 5) engaging in "breach of confidentiality;" and 6) engaging in "constructive

---

[17] *E.E.O.C. v. C.R. England, Inc.*, 644 F.3d 1028, 1037-38 (10th Cir. 2011) (quoting *Justice v. Crown Cork & Seal Co., Inc.*, 527 F.3d 1080, 1086 (10th Cir. 2008); *Mathews v. Denver Post*, 263 F.3d 1164, 1167 (10th Cir. 2001)).

[18] 411 U.S. 792 (1973).

[19] *C.R. England, Inc.*, 644 F.3d at 1038 (citing *McDonnell Douglas Corp*, 411 U.S. at 802).

[20] *Id.* (citing *McDonnell Douglas Corp*, 411 U.S. at 802-05).

[21] *Johnson v. Weld Cnty., Colo.*, 594 F.3d 1202, 1211 (10th Cir. 2010) (alteration in original) (quoting *Hinds v. Sprint/United Mgmt. Co.*, 523 F.3d 1187, 1197 (10th Cir. 2008)).

discharge."[22]  Plaintiff has not met his initial burden on any of these points by citing to evidence to establish a prima facie case of disability discrimination. [23]

As Plaintiff is proceeding pro se, the Court could allow Plaintiff the opportunity to file an affidavit setting forth Plaintiff's arguments in an admissible form.  However, such amendment would be futile if Plaintiff's arguments, even if construed as admissible evidence, do not meet either his initial burden or his burden to show that Defendants' articulated reasons are pretextual. Therefore, where possible, the Court will continue this analysis as if Plaintiff's allegations were admissible and met his initial burden.

a.    Termination

Plaintiff first argues that Defendants discriminated against him due to his disability by terminating his employment.  Defendants have presented evidence that Plaintiff was terminated because he left his work station while logged in—causing customer calls to go unanswered—and because he ignored a customer's repeated requests to speak with a manager and then disconnected the call.[24]  Defendants have also presented evidence that this violates company policy.[25]

As Defendants have articulated a legitimate, nondiscriminatory reason for terminating Plaintiff, the burden now shifts to Plaintiff to show that Defendants' stated reasons are pretextual.  Plaintiff argues that he did not receive a final written warning for these actions, citing

---

[22] Docket No. 3, at 3.

[23] Plaintiff argues that he is disabled, that he is qualified to perform the essential functions of his job, and that he has suffered adverse employment action because of his disability.  However, Plaintiff's argument is inadmissible as evidence, as it has not been sworn under penalty of perjury in properly filed affidavit.

[24] Docket No. 36 Ex. 11, at 2-4; *see also* Docket No. 36 Ex. 16, at 1-2.

[25] Docket No. 36 Ex. 4, at 10, 25.

to Involuntary Separation Forms for other employees who did receive final written warnings before they were ultimately terminated.  However, Plaintiff does not submit evidence showing that it is Defendants' policy or custom to issue final written warnings to all employees prior to termination.  Furthermore, Defendant Verizon Wireless has cited to a number of other Involuntary Separation Forms where employees did not receive final written warnings before termination.  Plaintiff has also failed to submit any additional evidence in support of a finding that Defendants' stated reasons for termination were pretextual.  Even if Plaintiff's allegations were contained in an affidavit that met the requirements of Rule 56, they would be deficient as "affidavits must be based upon personal knowledge and set forth facts that would be admissible in evidence; conclusory and self-serving affidavits are not sufficient."[26]  As Plaintiff's arguments are conclusory, self-serving, and unsupported by the evidence before the Court, the Court finds that Plaintiff has not met his burden to show that Defendants' stated reasons for termination are pretextual.

> b.      Failure to Promote Plaintiff

Plaintiff was interviewed for a Customer Service Supervisor position and argues that he was not promoted due to discrimination against him because of his disability.  Defendants have presented evidence that Plaintiff was not promoted because, when asked questions from the interview guide used for all candidates, Plaintiff "did not provide enough detail or specific answers in response to [the] questions."[27]  Plaintiff was given a score of two out of five in each of the seven criteria evaluated during the interview, and "Verizon Wireless disqualifies from

---

[26] *Hall v. Bellmon*, 935 F.2d 1106, 1111 (10th Cir. 1991).

[27] Docket No. 36 Ex. 6, at 2.

further interviews any candidate with more than one rating of 2."[28]  Defendants have also cited

to copies of the interview guide used by the individuals who interviewed Plaintiff, which contain

the reasoning used in calculating the scores.

Plaintiff argues that he was the most qualified applicant and therefore the only reason he

was not promoted was due to his disability.  However, this is merely a conclusory statement that

is based on speculation rather than the evidence before the Court.  Therefore, the Court finds that

Plaintiff has not met his burden on this point.

c.      Hostile Work Environment

Plaintiff claims that he was required to take too many escalated calls and should have

been given extra time for a break between those calls.  Defendants have submitted evidence that

Plaintiff was assigned calls in the same ratio and volume as his coworkers.  Plaintiff has not

submitted evidence to the contrary.  Plaintiff has also failed to point to any comments made to

him regarding his disability or that otherwise support his claims that Defendants created a hostile

work environment.  Therefore, the Court finds that Plaintiff has not met his burden on this point.

d.      Constructive Discharge

Plaintiff argues that the actions taken by Defendants amounted to constructive discharge.

As stated previously, Plaintiff was actually terminated and has not met his burden to show that

Defendants' reasons for termination were pretextual.  Furthermore, Plaintiff has not presented

evidence of specific actions, statements, or work conditions that constituted adverse employment

action.  Therefore, the Court finds that Plaintiff has not met his burden on this point.

---

[28] *Id.* at 3 (internal quotation marks omitted).

e.      Remaining Claims

Even assuming that Plaintiff's arguments would be admissible, Plaintiff has not identified a specific adverse employment action that he suffered as a result of Defendants' alleged failure to accommodate his disability or the alleged breach of confidentiality.  He has also not submitted any evidence supporting these claims.  Therefore, the burden did not shift to Defendants to articulate a legitimate, nondiscriminatory reason for their actions or show that the accommodation would cause undue hardship.

3.      RETALIATION

To establish a prima facie case of retaliation under the ADA, Plaintiff must demonstrate "(1) that he engaged in protected opposition to discrimination, (2) that a reasonable employee would have found the challenged action materially adverse, and (3) that a causal connection existed between the protected activity and the materially adverse action."[29]  Plaintiff has not stated any specific retaliation he allegedly suffered as a result of his opposition to discrimination. Furthermore, as stated above, Plaintiff has failed to meet his burden with respect to the adverse actions that he alleges were discriminatory.

4.      FAMILY MEDICAL LEAVE ACT

Defendant has cited to evidence showing that Plaintiff's request for time off under the Family Medical Leave Act ("FMLA") was ultimately approved by Verizon Wireless, which Plaintiff has not disputed.  Furthermore, Plaintiff has not cited to evidence of any harm suffered by Plaintiff for Defendants' failure to initially approve his request for leave under the FMLA. Therefore, the Court will grant Defendants' Motion for Summary Judgment on this point.

---

[29] *C.R. England, Inc.*, 644 F.3d at 1051 (quoting *Proctor v. United Parcel Serv.*, 502 F.3d 1200, 1208 (10th Cir. 2007)).

5.      SLANDER

Plaintiff claims that Verizon Wireless sought to slander his professional reputation. During his deposition, Plaintiff testified that two individuals he interviewed with regarding a promotion reported to a third individual that Plaintiff had stated during the interview that he could not talk about a specific issue because it was proprietary.[30]  Plaintiff testified in the same deposition that, during the interview, he had stated that he could not talk about the issue because it was propriety.[31]

In his Opposition to Defendants' Motion for Summary Judgment, Plaintiff states that he "asks the Court to dismiss without prejudice" his claim for slander.[32]  "Plaintiff agrees with the Defendants that there is a more appropriate time and place to litigate the Plaintiff's claims against the Defendants for [s]lander."[33]

The Court finds that it would be improper to dismiss without prejudice Plaintiff's claim for slander at this point in the proceedings without a stipulation by Defendants.  Further, Plaintiff's defamation claim is unsupported.  Therefore, the Court will not allow dismissal under Fed. R. Civ. P. 41(a)(2).  A claim for defamation requires that the alleged statements be false.[34] The only evidence relating to slander that Plaintiff has presented relates to a statement that he also states was true.  Therefore, the Court will grant Defendants' Motion and deny Plaintiff's Motion on this point.

---

[30] Docket No. 36 Ex. 1, at 237-38.

[31] *Id.* at 238-239.

[32] Docket No. 37, at 20.

[33] *Id.*

[34] *Jacob v. Bezzant*, 212 F.3d 353, 544 (Utah 2009).

IV. MOTION TO AMEND SCHEDULING ORDER

The parties have filed a Joint Stipulation and Motion to Amend Scheduling Order, seeking to move the trial date.  As the Court will grant Defendants' Motion for Summary Judgment, trial is no longer necessary and the parties' Motion is moot.

V. CONCLUSION

Based on the foregoing, it is hereby

ORDERED that Defendants' Motion for Leave to File Response (Docket No. 42) is GRANTED.  It is further

ORDERED that Defendants' Motion for Summary Judgment (Docket No. 35) is GRANTED.  It is further

ORDERED that Plaintiff's Motion for Summary Judgment (Docket No. 44) is DENIED. It is further

ORDERED that the parties' Joint Stipulation and Motion to Amend Scheduling Order (Docket No. 47) is DENIED AS MOOT.

The Clerk of the Court is directed to enter judgment against Plaintiff and in favor of Defendants on all of Plaintiff's claims and close this case forthwith.

DATED   August 13, 2012.

BY THE COURT:

_____
TED STEWART
United States District Judge

11